UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS



| | |
|---|---|
| IVA DOVLENTIS,<br><br>    PLAINTIFF,<br><br>v.<br><br>INNOVA, INC.,<br><br>    DEFENDANT. | CIV. A. NO. 04-11904 RCL |

### ANSWER AND AFFIRMATIVE DEFENSES OF INNOVA, INC. TO COMPLAINT AND DEMAND FOR JURY TRIAL BY PLAINTIFF IVA DOVLENTIS

Defendant Innova, Inc. ("Innova", "Defendant") hereby responds to the Complaint and Demand for Jury Trial ("Complaint") of Plaintiff Iva Dovlentis ("Plaintiff") as follows: (The paragraph numbers correspond to the numbered paragraphs of the Complaint.)

### INTRODUCTION

Plaintiff's introductory paragraph is not an enumerated paragraph and does not state allegations to which Innova is obliged to respond. To this extent that this introduction contains allegations against Innova, Innova denies same.

### PARTIES

1.  Innova lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

2.  Innova admits the allegations of this paragraph.

### COUNT I

3.  Innova admits that it is engaged in the manufacture, design and sales of certain consumer products, including certain pressure cookers. Innova denies soliciting the patronage of

1

the general public. Further answering, Innova distributes its products to retailers, who, in turn, sell products to the general public.

4. Innova lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

5. Innova lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

6. Innova denies the allegations of this paragraph.

7. Innova denies the allegations of this paragraph.

8. Innova denies the allegations of this paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to join a party or parties necessary and indispensable for a just adjudication of this matter and has not stated any reasons for such failure.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to provide timely notice of the alleged defect in the product she purchased, once discovered, in accordance with the applicable Uniform Commercial Code provisions, and she is barred from making a tardy assertion of liability on the basis of the alleged defect at this time.

### FOURTH AFFIRMATIVE DEFENSE

The complaint must be dismissed for insufficiency of process and/or service of process.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's delay in commencing suit is inexcusable and has resulted in prejudice to Innova so substantial that the doctrine of laches bars her claims.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

If Plaintiff has settled or should hereafter settle for any of her alleged damages with any parties, then Innova is entitled to a credit in the amount of said settlement.

### NINTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any damages, which is denied, then those damages were caused by a person or persons for whose actions Innova cannot be held liable.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff has waived any claims she may have had against Innova.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to a failure of consideration on her part.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate her damages and therefore is barred from recovery.

### THIRTEENTH AFFIRMATIVE DEFENSE

If Plaintiff proves that she was injured as alleged, said injuries were caused by the unforeseeable misuse of the product by Plaintiff.

#### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims based on allegations of express or implied warranty are barred as no sale of goods occurred within the meaning of Article 2, Chapter 106, of the Massachusetts General Laws.

#### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims of alleged breaches of express or implied warranties are barred as Plaintiff was never in privity of contract with Innova.

#### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for failure of Plaintiff to give notice and an opportunity to cure within a reasonable time to Innova of any breach of any alleged warranty, as required by applicable statutes, and this failure resulted in delay and prejudice to Innova.

#### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims of implied warranty are barred because all such implied warranties, if any, have been properly and adequately disclaimed by Innova.

#### EIGHTEENTH AFFIRMATIVE DEFENSE

Any claims Plaintiff may have based on alleged breaches of express or implied warranties, allegations of which are specifically denied, are barred as Plaintiff was not within the scope of any such alleged warranties because she was not the purchaser, and no sale to Plaintiff ever occurred of any product sold or distributed by Innova.

#### NINETEENTH AFFIRMATIVE DEFENSE

Innova was under no duty to warn, instruct, or give directions to Plaintiff about the safe use of the products which allegedly caused the injuries alleged because Innova sold products to users who were knowledgeable about the nature, characteristics and proper uses of the products.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff misused the product in question, contrary to instructions packaged with the product.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The Plaintiff failed to exercise ordinary care for her own safety and well-being, and that failure to exercise ordinary care proximately and directly caused and/or contributed to the alleged illness and injury of the Plaintiff; consequently, Innova is entitled to the full protection afforded by M.G.L. c. 231, § 85.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the contributing fault of the Plaintiff, which fault is greater than that of this defendant or all of the defendants.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred as the injuries and damages allegedly suffered by the Plaintiff were not due to any act or failure to act of Innova, but rather were caused solely by the acts of a third party or parties for whose acts or failures to act Innova is not responsible and over whom Innova had neither control nor the right of control.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Even if Innova were negligent as alleged, which is denied, the product involved in this action was changed in substance and form after it left control of Innova by Plaintiff or by one for whose conduct Innova is not responsible, and such changes were the actual causes of Plaintiff's injuries and damages.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

At all times relevant hereto, the state of engineering and scientific knowledge and the state of the art or the design and manufacture of the product are such that Innova neither knew nor should have known the products it allegedly supplied presented a significant risk of harm to persons using or exposed to those products.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The persons and entities to whom Innova supplied its products were sophisticated and experienced users. As such, Innova owned no duty to warn Plaintiff.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

If Innova were liable for negligence or for breach of warranty, which it expressly denies, such liability is contravened by the intervening acts, omissions or negligence of others over whom Innova had neither control, nor the right of control, and for whose conduct Innova is not legally responsible.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The utility of the product supplied by Innova outweighs the danger allegedly involved and, therefore, Plaintiff's claims are barred as a matter of public policy.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Innova adopts such other defenses raised by any other defendant as may be applicable.

### THIRTIETH AFFIRMATIVE DEFENSE

Innova reserves the right to amend this filing to assert any and all applicable affirmative defenses which discovery may reveal appropriate.

**DEFENDANT DEMANDS A TRIAL BY JURY ON ALL ISSUES.**

WHEREFORE, Defendant respectfully requests that the court enter judgment in its favor, dismissing all claims of Plaintiff against Innova with prejudice and awarding to Innova its costs and attorneys' fees, with interest, and such other relief as the court deems just.

Dated:   September 2{H}, 2004

Defendant Innova, Inc.
by Its Attorneys

_____
Robert L. Ciociola
BBO #084140
Gabriel D. M. Ciociola
BBO # 636072
Litchfield Cavo
6 Kimball Lane, Suite 100
Lynnfield, MA 01940
(781) 309-1500
(781) 246-0167 Fax

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon all counsel of record by first class mail on September 2{H}, 2004.

_____
Robert L. Ciociola

7